HILARY POTASHNER (Bar No. 167060)
Federal Public Defender
(E-mail: Hilary_Potashner@fd.org)
CHARLES C. BROWN (Bar No. 179365)
(E-Mail: charles_brown@fd.org)
ANDRE J. TOWNSEND (New York Bar No. 5127899)[1]
(E-Mail: Andre_Townsend@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-1700
Facsimile: (213) 894-0081

Attorneys for Defendant
JOSEPH GARZA VALENTINO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>JOSEPH GARZA VALENTINO, et al.,<br><br>            Defendant. | Case No. CR 14-393-JAK<br><br>DEFENDANT'S OPPOSITION TO GOOGLE'S MOTION TO QUASH SUBPOENA DUCES TECUM<br><br>Hearing Date: November 5, 2015<br>Hearing Time: 8:30 a.m. |

Defendant Joseph Valentino, through his attorneys of record, Deputy Federal Public Defender Charles C. Brown and Andre J. Townsend, files this opposition to the Motion to Quash Subpoena Duces Tecum filed by Google, Inc.

//
//
//

---

[1] As an attorney for the Federal Public Defender, and a member of the New York State Bar Association, I have been admitted to practice before the U.S. District Court for the Central District of California.

1

1. This opposition is based upon the attached Memorandum of Points and Authorities, Declaration of Counsel, all files and records in this case, and any further evidence as may be adduced at the hearing on this motion.

Respectfully submitted,

HILARY POTASHNER
Federal Public Defender

DATED: November 4, 2015      By  */s/ Charles C. Brown*
CHARLES C. BROWN
Deputy Federal Public Defender

By  */s/ Andre J. Townsend*
ANDRE J. TOWNSEND
Deputy Federal Public Defender

**MEMORANDUM OF POINTS AND AUTHORITIES\**

**I.   INTRODUCTION**

With the ATF's knowledge and consent, a confidential informant used a smart phone from state prison to communicate with Mr. Valentino, his ATF handlers, and others for more than a year. With the smart phone, the informant had access to Facebook, G-mail, and Google Voice. No records exist of the informant's conduct because the physical phones themselves are missing or destroyed and the ATF made no effort to monitor, document, or record the informant's phone activities during this time period. In an effort to adequately prepare Mr. Valentino's defense at trial, the defense requested and the court ordered the issuance of a lawful subpoena ordering that Google disclose to the defense relevant and material information regarding the informant's Google content and user information. Google moves to quash on the grounds that the content requested is protected by the Stored Communications Act ("SCA"). Because the SCA is a civil statute that contains an exception for subscriber information in response to lawful subpoena Google's request should be denied.

**II.   DISCUSSION**

**A.   Constitutional Authority Requires Production of the Requested Material**

**1.   Due Process and Fundamental Fairness**

The defense has a constitutional right to the production of evidence "favorable to the accused." Brady v. Maryland, 373 U.S. 83 (1963). Impeachment evidence falls within the Brady rule. United States v. Bagley, 473 U.S. 667, 676 (1985); Giglio v. United States, 405 U.S. 150 (1972).

Here, the requested information is relevant for purposes of cross examination and impeachment. Because the ATF made no effort to document the informant's phone activities, the Google records are the only way for the defense to have a complete

picture of the informant's activities for the year he was communicating with Mr. Valentino. Striking, is the fact that it appears that the informant was using a Google Voice, as opposed to a traditional cell phone carrier to communicate with Mr. Valentino and the outside world. Google Voice should have records of the informant's texts, voicemails, and calls.

### 2.     Sixth Amendment Right to Effective Assistance of Counsel

At the heart of the Sixth Amendment is the principle that, prior to his trial, a criminal defendant must be permitted to engage in thorough investigation and preparation. Powell v. Alabama, 287 U.S. 45, 57 (1932).

Immediate disclosure of the crucial materials sought by the defense is necessary to protect this fundamental right. The importance of prompt disclosure of information bearing on the credibility (or lack thereof) of government witnesses is clear: delayed disclosure may be of very little use to the defense since the effect of this may be to prevent the defense from conducted an adequate investigation of any relevant information.

Mr. Valentino's fundamental right to due process and effective assistance of counsel outweighs any burden imposed on the Google in producing the requested material. The information requested is essential to enable the defense to conduct an adequate investigation, and in order to prepare Mr. Valentino's defense in this case. Defense counsel must be allowed to independently investigate the informant's cell phone usage, especially in the absence of the government's efforts to properly do so. A failure to permit the defense to perform this investigation would deny Mr. Valentino his fundamental right to due process of law and effective assistance of counsel.

//
//
//

### B. The Subpoena is Proper Under Rule 17

Federal Rule of Criminal Procedure 17(c) authorizes a subpoena duces tecum for the production of "books, papers, documents or other objects designated therein." Fed. R. Crim. P. 17(c). The Supreme Court has articulated the following test for the production of materials prior to trial:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

United States v. Nixon, 418 U.S. 683, 699 (1974).

The essence of the test is that the moving party must show the existence of three primary factors relating to the materials requested -- relevance, admissibility and specificity. Id. at 700.

Here, the requested information is relevant, admissible and specific. The information is necessary for the defense's trial preparation in this case and is requested in good faith. Further, the information requested cannot otherwise be obtained by the exercise of due diligence.

### C. The Defense is Entitled to Basic Subscriber Information via Subpoena under the SCA.

The government can obtain the following basic subscriber information with a mere subpoena: (A) name; (B) address; (C) local and long distance telephone connection records, or records of session times and durations; (D) length of service (including start date) and types of service utilized;(E) telephone or instrument number

4

or other subscriber number or identity, including any temporarily assigned network address; and (F) means and source of payment for such service (including any credit card or bank account number).  Orin S. Kerr, *A User's Guide to the Stored Communications Act, and A Legislator's Guide to Amending It*, 72 Geo. Wash. L. Rev. 1208, 1219-20 (2004); *see also, Sams v. Yahoo! Inc.,* 713 F.3d 1175 (9th Cir. 2013). Moreover, under the SCA, where a provider discloses this information in good faith reliance of the terms of a subpoena, the provider is immune from liability under the SCA.  *Sams v. Yahoo!* 713 F.3d at 1181-2.

Here, at a minimum, the defense should be entitled to basic subscriber information under the applicable provisions of the SCA, especially telephone connection records and services utilized by the informant in this case.

## II.   CONCLUSION

For the foregoing reasons, the defense respectfully requests that the Court deny Google's Motion to Quash.

Respectfully submitted,

HILARY POTASHNER
Federal Public Defender

DATED:  November 4, 2015    By  */s/ Charles C. Brown*
CHARLES C. BROWN
Deputy Federal Public Defender

By  */s/ Andre J. Townsend*
ANDRE J. TOWNSEND
Deputy Federal Public Defender